UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE PAPER YARD, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ADVANTAGE HEALTHCARE, AMERILIST, INC., AUTAUGA BOTTLE WATER COMPANY, BLUE JAY, INC., CHELSEA MERCHANT SERVICES, INC., CLASSIC IMPRESSIONS, INC., MAIN LINE GRAPHIC EQUIPMENT, INC., MUTUAL BENEFIT FUNDING CORPORATION, OEM CONNECT, LTD., PRINTERS PARTS SUPERSTORE, SHIELDING STEEL, INC., SPINNAKER PRINTING, THOMAS LOYD, VISION LAB TELECOMMUNICATIONS, INC., WSSCR, INC., and FICTITIOUS DEFENDANTS 1-9, whether singular or plural, who have sent out or caused to be sent out unsolicited advertisements to telephone facsimile machines owned and/or operated by Plaintiffs, and/or all others similarly situated, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, <br><br> Defendants. | Civil Action No. <br><br> 05-737 |

## NOTICE OF REMOVAL

Pursuant to U.S. Const. art. III, § 2, 28 U.S.C. § 1332(d), 28 U.S.C. § 1446, and 28 U.S.C. § 1453(b), Vision Lab Telecommunications, Inc. ("Vision Lab"), a named defendant in this civil action, removes the above-captioned lawsuit from the Circuit Court of Barbour County, Alabama, in which it is currently pending as Case No. CU-05-115, to the United States District Court for the Middle District of Alabama, Northern Division. As grounds for the removal of this civil action, Vision Lab states as follows:

1.  In this putative class action filed on July 5, 2005, and served upon Vision Lab July 7, 2005, plaintiff contends that Vision Lab caused unsolicited advertising to be transmitted via facsimile to plaintiff and a putative class of at least fifty other persons. As part of its Complaint, plaintiff moved for class certification.

2. Plaintiff contends that the allegedly unsolicited facsimile transmissions violated the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiff also contends that the facsimile transmissions unlawfully converted its and other putative class members' facsimile machines, paper and toner.

3. Plaintiff is an Alabama business, with its principal place of business in Eufaula, Alabama. (Complaint, ¶1).

4. Vision Lab is a Florida Corporation with its principal place of business in Miami, Florida. (Complaint, ¶15)

5. Vision Lab removes this civil action because Plaintiff and Vision Lab are diverse in citizenship and the amount in controversy as aggregated from the claims of the individual class members exceeds the sum or value of $5,000,000. Therefore, this Court has subject matter jurisdiction under the recently enacted Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 4, 119 Stat. 4, 9-12 (codified at 28 U.S.C. § 1332(d)) ("CAFA").

### I.   THE REQUIRED DOCUMENTS ARE ATTACHED

6. In accordance with 28 U.S.C. § 1446(a), copies of the entirety of all pleadings and process filed in the Circuit Court of Barbour County, Alabama are attached to this Notice of Removal as Exhibit "1". The attached document constitutes the entirety of all process, pleadings, and orders served upon Vision Lab in the state court proceeding as of this filing.

### II.   REMOVAL IS TIMELY

7. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed, as it is filed within one year after this action was commenced and within thirty days after Vision Lab first received service of the Complaint and Summons. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348-56 (1999) (holding that removal is triggered by simultaneous

service of the summons and complaint, or receipt of the complaint through formal service). Plaintiff served its Complaint and accompanying Summons on Vision Lab on July 7, 2005.

### III.   WRITTEN NOTICE HAS BEEN GIVEN

8. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon plaintiff's counsel and a Notice of the Notice of Removal has been filed with the Clerk of the Circuit Court of Barbour County, Alabama. (Exhibit "2", attached).

### IV.   VENUE IS PROPER UNDER 28 U.S.C. §§ 1391 and 1441

9. The United States District Court for the Middle District of Alabama, Northern Division, is the federal judicial district embracing the Circuit Court of Barbour County, Alabama, where this civil action was originally filed. Venue, therefore, is proper under 28 U.S.C. § 1391 and § 1441.

### V.   THE TCPA DOES NOT DEPRIVE THIS COURT OF JURISDICTION

10. The TCPA provides that a plaintiff "may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that State" a private action based on a violation of the Act. 47 U.S.C. § 227(b)(3).

11. District courts in the Second, Fourth, Fifth, Seventh, Eighth, Ninth and District of Columbia Circuits have concluded that while the TCPA grants state courts subject matter jurisdiction to hear claims asserted under its provisions, this jurisdictional grant does not deprive federal courts of subject matter jurisdiction where such jurisdiction is otherwise proper under 28 U.S.C. § 1332. *Saporito v. Vision Lab Telecommunications, Inc.*, No. 05-CV-1007, 2005 WL 1130277, at *5 (E.D.N.Y. May 13, 2005) ("I join those district courts that have considered the issue, and conclude that Congress did not intend to preclude diversity jurisdiction under § 1332 for TCPA claims."); *Kinder v. CitiBank*, No. 99-CV-2500, 2000 WL 1409762, at *4 (S.D. Cal.

Sept. 14, 2000) (holding that while "the TCPA itself provides no basis for federal jurisdiction, nothing in the TCPA precludes federal courts from hearing TCPA claims where some other independent basis for jurisdiction exists.").

12. Vision Lab's removal is based on the diversity of citizenship between Plaintiff and Vision Lab and is made pursuant to 28 U.S.C. § 1332(d). Accordingly, the fact that plaintiff has brought a TCPA claim does not deprive this Court of subject matter jurisdiction.

### VI.    JURISDICTION IS PROPER UNDER 28 U.S.C. § 1332(d)

13. Pursuant to 28 U.S.C. § 1332(d)(2)(A), a federal district court has original jurisdiction of a civil action in which the matter in controversy exceeds the sum or value of $5,000,000, and is a class action in which any member of the class of plaintiffs is a citizen of a state different from any defendant.

14. In enacting the CAFA, Congress expressed its intent that federal courts afford a removing defendant the benefit of the doubt as to the propriety of removal:

> Pursuant to new subsection 1332(d)(6), the claims of the individual class members in any class action shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000 (exclusive of interest and costs). The Committee intends this subsection to be interpreted expansively. If a purported class action is removed pursuant to these jurisdictional provisions, the named plaintiff(s) should bear the burden of demonstrating that the removal was improvident (i.e., that the applicable jurisdictional requirements are not satisfied). And if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case.

*The Class Action Fairness Act of 2005*, S. Rep. No. 109-14, at 42 (2005).

15. Plaintiff alleges that it is a business entity organized under the laws of the State of Alabama and has its principal place of business in Alabama. Compl. at ¶ 1. Accordingly, plaintiff is a citizen of Alabama.

16. Defendant Vision Lab is a corporation organized under the laws of the State of Florida, and has its principal place of business in Florida. *Id.* at ¶ 15. Accordingly, Vision Lab is a citizen of Florida.

17. Vision Lab, a Florida corporation with its principal place of business in Florida, is diverse in citizenship from Plaintiff, the Paper Yard, which is an Alabama corporation with its principal place of business in Alabama. See 28 U.S.C. § 1332(c).

18. Pursuant to 28 U.S.C. § 1332(d)(6), in any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum of $5,000,000. Furthermore, as noted above, plaintiff bears the burden of demonstrating that the "amount-in-controversy" requirement has not been satisfied. S. Rep. No. 109-14, at 42.

19. Plaintiff seeks to recover, on its own behalf and on behalf of each member of the putative national class, a minimum award in the amount of the $500 statutory penalty which would be trebled pursuant to Section 227(b)(3). Compl. at Unnumbered Prayer for Relief ¶ D. Accordingly, plaintiff seeks to recover a minimum of $1500 for each individual putative class member. Plaintiff has alleged that the putative class members who would each individually qualify for this reward of $1500 number "more than 50." *Id.* at ¶ 39.

20. Plaintiff also seeks to recover, on its own behalf and on behalf of each member of the putative national class, its costs and attorneys' fees pursuant to a common fund or "any applicable statute." *Id.* (Unnumbered Prayer for Relief ¶ E).

21. Further, legal expenses incurred prior to the filing of the action count toward the "amount-in-controversy" requirement of 28 U.S.C. § 1332. *See Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000).

22.     Plaintiff alleges that this action is brought on behalf of a class, not limited to putative class members in Alabama, of all persons or entities having received any facsimile materials transmitted by Vision Lab within four years from the date of service of the Complaint on Vision Lab, i.e., the time period July 7, 2001 through July 7, 2005. Plaintiff alleges that there are at least fifty members in the putative class. In fact, while Vision Lab does not admit any of Plaintiff's allegations, Vision Lab's customers have utilized its infrastructure to send millions faxes nationwide during this four-year time period at issue in Plaintiff's Complaint.

23.     Accordingly, there is a reasonable probability that the aggregated claims of the individual class members, taken together with the legal expenses incurred by plaintiff prior to the filing of this action, exceed the sum or value of $5,000,000. Furthermore, as noted above, if the Court is at all uncertain about whether the matters in controversy in the aggregate exceed the sum or value of $5,000,000, the Court must err in favor of exercising jurisdiction over the action. S. Rep. No. 109-14, at 42.

WHEREFORE, Vision Lab respectfully requests that this matter be removed from the Circuit Court of Barbour County, Alabama, that this Court exercise jurisdiction over this action, and that the Court grant Vision Lab all other appropriate relief.

Dated: August 4, 2005                               Respectfully submitted,

                                                    VISION LAB TELECOMMUNICATIONS

                                                    _____
Timothy J. Rivelli                                  Robert Baugh
Blaine C. Kimrey                                    Christopher A. Bottcher
WINSTON & STRAWN LLP                                Sirote & Permutt, P.C.
35 West Wacker Drive                                2311 Highland Ave South, Suite 500
Chicago, IL 60610                                   Birmingham, AL 35205
(312) 558-5600                                      (205) 930-5307

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing has been served upon the following counsel of record for all parties to this proceeding by mailing a copy of same by United States mail, properly addressed and first-class postage prepaid, on this 4th day of August, 2005:

Brian D. Hancock, Esq.
GARRISON SCOTT P.C.
P.O. Box 11310
Birmingham, Alabama 35202

Advantage Healthcare
c/o James O. Driscoll
4710 Bellaire Boulevard
Suite 310
Bellaire, TX 77401

AmerList, Inc.
c/o Ravi Buckredan
978 Route 45
Suite L2
Pomona, NY 10970

Autauga Bottle Water Company
244 County Road 165
Autaugaville, AL 36003

Blue Jay, Inc.
c/o Jeffrey J. Whitehead, Esq.
2431 West Horizon Ridge Parkway
Suite #110
Henderson, NV 89052

Chelsea Merchant Services, Inc.
c/o Joseph Graley
256 B Cemetery Road
Canterbury, CT 06331

Classic Impressions, Inc.
1045 W. Belmont Avenue
Suite 200
Chicago, IL 60657

Main Line Graphic Equipment, Inc.
c/o Gelfuso & Lachut Inc.
1193 Reservoir Avenue
Cranston, RI 02920

Mutual Benefit Funding Corp.
6 Hutton Centre Drive
Suite 1245
Santa Ana, CA  92707

OEM Connect Ltd.
c/o David W. Nash
32A Holton Street
Woburn, MA  01801-5205

Printers Parts Superstore
c/o Ric Antinori
1249 River Highway, Suite D
Mooresville, NC  28117-9088

Shielding Steel, Inc.
c/o John P. Miller
2499 Glades Road
Boca Raton, FL  33431

Spinnaker Printing
20920 Romita Trail
Boca Raton, FL  33433

Lloyd Thomas
31 Victors Chase
Sugarland, TX  77479

WSSCR, Inc.
720 Brazos Street
Suite 1115
Dallas, TX  78701

_____
OF COUNSEL