UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2005 AUG -4  P 12: 14

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT

| | |
|---|---|
| THE PAPER YARD, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVANTAGE HEALTHCARE, AMERILIST, INC., AUTAUGA BOTTLE WATER COMPANY, BLUE JAY, INC., CHELSEA MERCHANT SERVICES, INC., CLASSIC IMPRESSIONS, INC., MAIN LINE GRAPHIC EQUIPMENT, INC., MUTUAL BENEFIT FUNDING CORPORATION, OEM CONNECT, LTD., PRINTERS PARTS SUPERSTORE, SHIELDING STEEL, INC., SPINNAKER PRINTING, THOMAS LOYD, VISION LAB TELECOMMUNICATIONS, INC., WSSCR, INC., and FICTITIOUS DEFENDANTS 1-9, whether singular or plural, who have sent out or caused to be sent out unsolicited advertisements to telephone facsimile machines owned and/or operated by Plaintiffs, and/or all others similarly situated, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227,<br><br>Defendants. | Civil Action No. CU-05-115<br><br>05-737 |

## DEFENDANT VISION LAB COMMUNICATIONS, INC.'S ANSWER TO COMPLAINT

Defendant, Vision Lab Communications, Inc. ("Vision Lab"), answers each paragraph of Plaintiff's Complaint as follows:

1. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore denies same.

2. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies same.

3. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore denies same.

4. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore denies same.

5. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies same.

6. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore denies same.

7. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore denies same.

8. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore denies same.

9. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore denies same.

10. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore denies same.

11. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore denies same.

12. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore denies same.

13. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore denies same.

14. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies same.

15. Vision Lab admits that it is a Florida corporation with its principal place of business in Miami Beach, Florida. Vision Lab denies all allegations in paragraph 15 inconsistent therewith.

16. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies same.

17. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies same.

18. Paragraph 18 does not require a response from Vision Lab. However, to the extent it contains any allegation of statutory violations, wrongdoing, or tortious conduct by Vision Lab, these allegations are denied.

19. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies same.

20. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies same.

21. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies same.

22. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies same.

23. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore denies same.

24. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore denies same.

25. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies same.

26. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies same.

27. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore denies same.

28. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore denies same.

29. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore denies same.

30. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore denies same.

31. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 31, and therefore denies same.

32. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 32, and therefore denies same.

33. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 33, and therefore denies same.

34. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 34, and therefore denies same.

35. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 35, and therefore denies same.

36. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore denies same.

37. Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore denies same. Vision Lab expressly denies converting any property.

38. Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is required, Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies said allegations.

39. Paragraph 39 contains legal conclusions to which no response is required. To the extent a response is required, Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies said allegations.

40. Paragraph 40 contains legal conclusions to which no response is required. To the extent a response is required, Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies said allegations.

41. Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is required, Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies said allegations.

42. Paragraph 42 contains legal conclusions to which no response is required. To the extent a response is required, Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies said allegations.

43. Vision Lab repeats its answers to paragraphs 1-42 and restates them as if fully set forth herein.

44. To the extent this paragraph contains any allegations of statutory violations, wrongdoing, or tortious conduct by Vision Lab, they are denied. However, Vision Lab admits that the referenced statute is a written document which is, itself, the best evidence of its contents and denies all allegations in this paragraph that are inconsistent herewith.

45. Paragraph 45 contains legal conclusions to which no response is required. To the extent a response is required, Vision Lab denies the allegations in paragraph 45.

46. Paragraph 46 contains legal conclusions to which no response is required. To the extent a response is required, Vision Lab denies the allegations in paragraph 46.

47. Vision Lab repeats its answers to paragraphs 1-46 and restates them as if fully set forth herein.

48. Paragraph 48 contains legal conclusions to which no response is required. To the extent a response is required, Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 48. Vision Lab expressly denies converting any property.

49. Paragraph 49 contains legal conclusions to which no response is required. To the extent a response is required, Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 49, and therefore denies same.

50. Paragraph 50 contains legal conclusions to which no response is required. To the extent a response is required, Vision Lab denies the allegations in paragraph 50.

51. Paragraph 51 contains legal conclusions to which no response is required. To the extent a response is required, Vision Lab denies the allegations in paragraph 51.

52. Paragraph 52 contains legal conclusions to which no response is required. To the extent a response is required, Vision Lab lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 52. Vision Lab expressly denies that its actions have caused any third party to incur damages.

As to the unnumbered paragraph and subparts (A)-(G) of that unnumbered paragraph, Vision Lab denies that this action is proper for treatment as a class action under Federal Rule of Civil Procedure 23, that its acts or omissions violated any laws whatsoever, that Plaintiff and/or

the putative class are entitled to any damages, attorneys fees, injunctive relief, costs, expenses, or relief from it whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, this Defendant asserts the following affirmative defenses:

### First Affirmative Defense

The TCPA unconstitutionally infringes on the First Amendment rights of both the sender and recipients of advertising facsimile communications.

### Second Affirmative Defense

The TCPA is unconstitutionally void for vagueness with respect to its application to the facts of this case in that it fails to fairly inform the sender of facsimile transmissions who, if anyone, is liable for having "sent" advertising faxes.

### Third Affirmative Defense

Plaintiff's claims for attorneys' fees should be dismissed because the TCPA does not provide for an award of attorneys' fees.

### Fourth Affirmative Defense

Plaintiff has failed to properly plead its claims with sufficient particularity.

### Fifth Affirmative Defense

Vision Lab does not have sufficient contacts with Alabama to subject it to personal jurisdiction in an Alabama court.

### Sixth Affirmative Defense

Vision Lab pleads preemption.

### Seventh Affirmative Defense

Plaintiff's damages, if any exist, were caused by third-parties for whom Vision Lab is not responsible.

## Eighth Affirmative Defense

Vision Lab's acts or omissions were in accordance with all relevant statutes.

## Ninth Affirmative Defense

Plaintiff cannot satisfy the requirements of Fed.R.Civ.P. 23 for maintaining a class action.

## Tenth Affirmative Defense

Plaintiff cannot adequately represent the purported class.

Dated: August 4, 2005

Respectfully submitted,

VISION LAB TELECOMMUNICATIONS

_____
Robert Baugh
Christopher A. Bottcher
Sirote & Permutt, P.C.
2311 Highland Avenue South, Suite 500
Birmingham, Alabama 35205
(205) 930-5125

Timothy J. Rivelli
Blaine C. Kimrey
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60610
(312) 558-5600

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon the following counsel of record for all parties to this proceeding by mailing a copy of same by United States mail, properly addressed and first-class postage prepaid, on this 4th day of August, 2005:

Brian D. Hancock, Esq.
GARRISON SCOTT P.C.
P.O. Box 11310
Birmingham, Alabama 35202

Advantage Healthcare
c/o James O. Driscoll
4710 Bellaire Boulevard
Suite 310
Bellaire, TX 77401

AmerList, Inc.
c/o Ravi Buckredan
978 Route 45
Suite L2
Pomona, NY 10970

Autauga Bottle Water Company
244 County Road 165
Autaugaville, AL 36003

Blue Jay, Inc.
c/o Jeffrey J. Whitehead, Esq.
2431 West Horizon Ridge Parkway
Suite #110
Henderson, NV 89052

Chelsea Merchant Services, Inc.
c/o Joseph Graley
256 B Cemetery Road
Canterbury, CT 06331

Classic Impressions, Inc.
1045 W. Belmont Avenue
Suite 200
Chicago, IL 60657

Main Line Graphic Equipment, Inc.
c/o Gelfuso & Lachut Inc.

1193 Reservoir Avenue
Cranston, RI 02920

Mutual Benefit Funding Corp.
6 Hutton Centre Drive
Suite 1245
Santa Ana, CA 92707

OEM Connect Ltd.
c/o David W. Nash
32A Holton Street
Woburn, MA 01801-5205

Printers Parts Superstore
c/o Ric Antinori
1249 River Highway, Suite D
Mooresville, NC 28117-9088

Shielding Steel, Inc.
c/o John P. Miller
2499 Glades Road
Boca Raton, FL 33431

Spinnaker Printing
20920 Romita Trail
Boca Raton, FL 33433

Lloyd Thomas
31 Victors Chase
Sugarland, TX 77479

WSSCR, Inc.
720 Brazos Street
Suite 1115
Dallas, TX 78701

_____
OF COUNSEL