IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE PAPER YARD, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO. 2:05-cv-737-MEF |
| ) | |
| ADVANTAGE HEALTHCARE, *et al.,* ) | (WO) |
| ) | |
| DEFENDANTS. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action on behalf of itself and others similarly situated, against a number of entities for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and common law. On July 1, 2005, Plaintiff filed suit against Defendants in the Circuit Court for Barbour County, Alabama (Doc. # 2). One of the named defendants to this action, Vision Lab Telecommunications, Inc. filed a timely Notice of Removal (Doc. # 1), invoking this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) & 1453(b). In November of 2005, Plaintiff and Vision Lab Telecommunications, Inc. jointly filed a stipulation of dismissal of the claims against Vision Lab Telecommunications, Inc. (Doc. # 15). Indeed, during the pendency of this action in federal court, Plaintiff has voluntarily dismissed claims against a number of the named defendants. Additionally, the court dismissed several defendants which Plaintiff had failed to serve within the time allowed by law. (Doc. # 20).

This matter is now pending before the court on Plaintiff's Motion for Default

Judgment (Doc. # 42), by which motion Plaintiff seeks entry of default judgment against all remaining defendants.

On December 20, 2005, Plaintiff applied to the Clerk for entry of default against the following named defendants for failure to plead, answer, or otherwise defend, pursuant to Federal Rule of Civil Procedure 55(a): AmeriList, Inc.; Autauga Bottle Water Company; Blue Jay, Inc.; Chelsea Merchant Services, Inc.; Main Line Graphic Equipment, Inc.; Shielding Steel, Inc.; and WSSCR, Inc. *See* Doc. # 23, 24, 25, 26, 27, 28 & 29. The Clerk issued an Entry of Default (Doc. # 31) against AmeriList, Inc. on January 19, 2006. The Clerk issued an Entry of Default (Doc. # 32) against Autauga Bottle Water Company on January 19, 2006. The Clerk issued an Entry of Default (Doc. # 33) against Blue Jay, Inc. on January 19, 2006. The Clerk issued an Entry of Default (Doc. # 34) against Chelsea Merchant Services, Inc. on January 19, 2006. The Clerk issued an Entry of Default (Doc. # 35) against Main Line Graphic Equipment, Inc. on January 19, 2006. The Clerk issued an Entry of Default (Doc. # 36) against Shielding Steel, Inc. on January 19, 2006. The Clerk issued an Entry of Default (Doc. # 37) against WSSCR, Inc. on January 19, 2006. On April 17, 2006, Plaintiff filed a Motion for Default Judgment (Doc. # 42) pursuant to Federal Rule of Civil Procedure 55(b)(2).

Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default." Once this has occurred,

"the party entitled to a judgment by default shall apply to the court therefor." Fed. R. Civ. P. 55(b)(2). The clerk's entry of default causes all well-pleaded allegations of facts to be deemed admitted. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). The Court must accept these facts as true and determine whether they state a claim upon which relief may be granted. *See Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

If the Court determines that default judgment can be granted, the Court then turns to the issue of damages. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1364 n.27 (11th Cir. 1997). "If, in order to enable the court to enter judgment . . . it is necessary to take an account or to determine the amount of damages . . . the court may conduct such hearings or order such references as it deems necessary and proper . . . ." Fed. R. Civ. P. 55(b)(2). However, the Court may award damages without a hearing where the "amount claimed is a liquidated sum or one capable of mathematical calculation," and there is "a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. V. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985).

In accordance with the foregoing, it is hereby ORDERED as follows:

1. The Motion for Default Judgment (Doc. # 42) is GRANTED.

2. Default judgment is hereby ENTERED against: AmeriList, Inc.; Autauga Bottle Water Company; Blue Jay, Inc.; Chelsea Merchant Services, Inc.; Main Line Graphic Equipment, Inc.; Shielding Steel, Inc.; and WSSCR, Inc. and in favor of Plaintiff, The Paper Yard.

3. A hearing to determine damages will be set at a later date.

DONE this the 28th day of April, 2006.

                                                /s/ Mark E. Fuller
                                   CHIEF UNITED STATES DISTRICT JUDGE